IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY BUSSIE, #64105050, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0279-D-BK |
| | § | |
| JOHN BOEHNER, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner from Pennsylvania, filed a *pro se Complaint* against Senator John Boehner and Congressman Robert Andrews. Plaintiff requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has already accrued three strikes under section 1915(g). Before filing this action, he had at least three civil actions dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *See Bussie v. Attorney General*, No. 13-CV-00476, 2013 WL 3934179 *3 (W.D. Wi. Jul. 30, 2013) (dismissing as frivolous); *Bussie v. Federal Election Comm'n, et al.*, No. 13-CV-477, 2013 WL 3934179 (W.D. Wi. Jul. 30, 2013) (same); and *Bussie v. Federal*

*Deposit Ins. Corp., et al.*, No. 13-CV-23000-UU (S.D. Fl. Oct. 30, 2013) (same).  Several courts have also dismissed Plaintiff's recent cases as barred by three strikes.  *See Bussie v. Boehner, et al.*, Nos. 4:14-CV-0065,  4:14-CV-0066, 4:14-CV-0067, 4:14-CV-0068, (E.D. Mo. Jan. 17, 2014) (collecting prior strikes and dismissals under section 1915(g)); *Bussie v. Andrews, et al.*, No. 4:14-CV-0062  (E.D. Mo. Jan. 17, 2014) (same); *Bussie v. Andrews, et al.*, No. 2:13-CV-2070 (N.D. Al. Dec. 12, 2013) (same).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Even when liberally construed, the complaint presents no such claim.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  Plaintiff presents only rambling and legally frivolous allegations regarding Senator Boehner and Congressman Andrews creating a "democracy uprising."  (Doc. 3 at 3-4).[1]  Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the re-filing of an *in forma*

---

[1] According to the Public Access to Court Electronic Records (PACER), Plaintiff has filed over 30 civil actions suing government officials since December 2012.

*pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the re-filing of this lawsuit with full payment of the $400.00 filing fee.[2]

**SIGNED** January 27, 2014.

 _____
 RENEE HARRIS TOLIVER
 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 _____
 RENEE HARRIS TOLIVER
 UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See* id. The $50 administrative fee will not be deducted. *Id.*